**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
Of Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

**DANIEL CRAIG LOOS**,

**PLAINTIFF**,

v.

**STATE OF OREGON, OREGON DEPARTMENT OF CORRECTIONS, MARK NOOTH**, Superintendent, in his individual and official capacities, **EMILIO J.R. CARBAJAL**, in his individual and official capacities, **AARON ARNOLD** in his individual and official capacities, **MICHAEL DINUCCI** in his individual and official capacities, **BRADLEY LAWSON** in his individual and official capacities, **MICHAEL PAYNE** in his individual and official capacities, **BOB J. SNYDER** in his individual and official capacities, **CHRISTOPHER J. ADAMS** in his individual and official capacities, **JOHN DOE I**, in his individual and official capacities, **JOHN DOE II**, in his individual and official capacities, **CO RANDALL DANIELS**,

**Case No. 2:15-cv-00065-BR**

**THIRD AMENDED COMPLAINT**
(42 U.S.C. §1983)

JURY TRIAL DEMANDED

in his individual and official capacities, **MATTHEW BARBA**, in his individual and official capacities, and **GARTH GULICK, M.D.**, in his individual and official capacities,

**DEFENDANTS**.

## PRELIMINARY STATEMENT

1. This is a civil rights action for Defendants' use of excessive force against Plaintiff and Defendants' denial of medical care to Plaintiff. Plaintiff was physically assaulted on multiple occasions resulting in physical injuries, including, but not limited to, her elbow being broken. Defendants have denied Plaintiff medical care by failing to provide care for injuries resulting from the above-referenced assaults, and by refusing to provide hormone treatment. This action also arises from Defendants' refusal to remove Plaintiff from Snake River Correctional Institution, despite the fact that Plaintiff identifies as a woman and receives threats from fellow inmates of sexual assault and other violence.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, federal question jurisdiction, and pursuant to 28 U.S.C. §1343(a)(d) and (a)(4), civil rights jurisdiction.

3. Venue is in the District of Oregon pursuant to 28 U.S.C. §1391(b) because the claim arose in this Judicial District.

## PARTIES

4. Plaintiff, Daniel Craig Loos (Plaintiff), is a citizen of the United States. At all times material, Plaintiff was incarcerated in the Snake River Correctional Institution ("prison" or "SRCI") in Ontario, Oregon. Plaintiff is a female person who was previously regarded as being a male person.



**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Tel (503) 241-3617 | Fax (503) 241-2249

5. Defendant State of Oregon, by and through Defendant Oregon Department of Corrections, owns, staffs, and operates SRCI.

6. Mark Nooth is the Superintendent of SRCI.

7. Emilio JR Carbajal, Aaron Arnold, Michael Dinucci, Bradley Lawson, Michael Payne, Bob J. Snyder, Christopher J. Adams, John Doe I, John Doe II, Randall Daniels, Matthew Barba are correctional officers at SRCI.

8. Defendant Dr. Garth Gulick was at all times relevant an employee of Defendant State of Oregon. Defendant State of Oregon employed Defendant Gulick, a physician, to provide medical care to inmates at the prison. Defendant Gulick was assigned to provide medical care to the prison tier in which Plaintiff was housed.

9. At all times relevant, Defendant's employees and supervisors, as their conduct is alleged herein, were acting within the course and scope of their employment with the Defendant.

**FACTUAL ALLEGATIONS**

10. Plaintiff entered custody of the Defendant Oregon Department of Corrections July 8, 2014.

11. In 2013, during Plaintiff's previous incarceration at SRCI, she was beaten and called "faggot" by Correctional Officer Arnold, Defendant Carbajal, and other correctional officers.

12. In 2014, Plaintiff was held at the Coffee Creek Correctional Facility (CCCF). There she was search and dressed by a female correctional officer (CO), and was allowed to wear a brazier. In 2014, Defendant transferred Plaintiff from the Coffee Creek Correctional Facility to Defendant Snake River Correctional Institution (SRCI).


**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Tel (503) 241-3617 | Fax (503) 241-2249

13. On or about August 27, 2014, Plaintiff arrived at SRCI by bus from CCCF. Upon his arrival, one of Defendant State of Oregon's COs, Defendant Arnold, met Plaintiff's bus and said, "Oh great, the faggot's back here," referring to a previous incarceration of Plaintiff at SRCI. On August 27, 2014, COs led Plaintiff through the intake area and directed her to sit on a golf cart to be taken to Intensive Management Unit (IMU). Defendant Carbajal then joined Plaintiff on the golf cart. On the way to IMU, Defendant Carbajal flipped his middle finger to Plaintiff, a derogatory gesture, and made derogatory comments about Plaintiff. After Plaintiff arrived at IMU intake, Plaintiff requested that she be searched and dressed by a female CO. Defendant State of Oregon, through its COs, denied the request. Defendant Carbajal and as many as six other male COs, taunted Plaintiff and said she was lying about being a woman. Plaintiff was strip-searched by male COs and directed to wear IMU prison attire. Plaintiff was then placed in a cell in the IMU.

14. On August 28, 2014, Plaintiff requested that she have her cell cleaned, to receive a shave, to take a shower, and to receive items from the chaplain as the other inmates in her unit had been given. She was denied these requests. When she requested to speak with the Sergeant regarding this matter, she was refused.

15. On August 28, 2014, a nurse came to Plaintiff's cell on rounds. Plaintiff asked for help and made a gesture of cutting her wrist with her hands. The nurse called a CO response team who restrained Plaintiff by cuffing her wrists, then securing her cuffed wrists to the port in the door. The response team pulled Plaintiff out of the cell and took her to intake. Male COs told Plaintiff they were going to undress her and give her a smock. Plaintiff objected and said that she had paperwork that she was to be undressed by female COs. One of the COs in the response team said that Plaintiff "was lying" and she was a "man." The COs chained Plaintiff to the wall



**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Tel (503) 241-3617 | Fax (503) 241-2249

with both her arms and legs cuffed. When Plaintiff protested the male COs' undressing her, a second response team was called. Before the second response team arrived, Plaintiff voluntarily placed herself on the ground, with her arms behind her back to the extent this was possible with her wrist chained to the wall and her legs cuffed. Members of second CO response team jumped on top of her and started beating her and kicking her. Plaintiff was not resisting at this time. One of the members of the response team, Defendant Dinucci, grabbed Plaintiff grabbed by the hair, pulled her head up from the ground and then slammed her head down on the ground. Another member of the response team, Defendant Arnold, referred to her as a "faggot." Defendant Dinucci then began punching her in the mouth. Plaintiff's top and bottom lips were burst and began to bleed. Plaintiff's face was swollen and bruised and Plaintiff's wrist was sprained. Plaintiff requested medical treatment for her injuries which was refused. Plaintiff was then marched in her underwear back to her housing unit. Plaintiff was not given a smock to cover her breasts, which are female and were seen by numerous other inmates in the same unit. As Plaintiff was being returned to her housing unit, numerous COs and inmates were laughing at Plaintiff and commenting on her breasts and body. Plaintiff was placed in her cell. Although Plaintiff's cell was cold, she was not permitted to have blankets or clothes.

16. On and after August 28, 2014, COs refused Plaintiff her requests for showers and food.

17. On numerous occasions throughout her incarceration, Plaintiff was called "faggot" and other derogatory comments by COs. Plaintiff was required to wear a spit mask every time she left her cell despite the fact that she had not spit on anyone. CO Lawson referred to Plaintiff as a "faggot" to other prisoners. CO Lawson maliciously announced in a voice loud enough to be heard by other prisoners that Plaintiff had engaged in sexual conduct with a child.



**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Tel (503) 241-3617 | Fax (503) 241-2249

18. Plaintiff repeatedly requested that she be transferred to a women's prison facility or that she be transferred out of SRCI. Defendant State of Oregon denied her requests. Plaintiff has repeatedly reported that she has been threatened with rape by fellow inmates and has indicated that she does not feel safe in SRCI because of threats from fellow inmates.

19. Plaintiff was repeatedly denied female undergarments, including a brassiere.

20. On or about September 17, 2014, Defendant Daniels refused to give Plaintiff food and said to other inmates, "That faggot isn't going to get his shit." Another officer stated, "More like a confused faggot."

21. In or about October 2014, Plaintiff asked Defendant Gulick to provide her with estrogen hormone therapy. Defendant Gulick refused to provide Plaintiff with hormones. Plaintiff also asked Defendant Gulick to schedule her for male to female sex reassignment surgery. Defendant Gulick refused.

22. On or about October 8, 2014, Defendant Snyder and other COs (including Defendants John Doe I and John Doe II) taunted Plaintiff, referring to her as a "faggot." CO Snyder and other COs threatened Plaintiff by kicking the door to her cell, saying, "You say one more word and I'm going to open this door and kick your ass."

23. On or about October 16, 2014, Plaintiff was in a hearings office. At that time, Plaintiff was subjected to an assault and battery by Defendants Adams and Payne, who twisted and injured Plaintiff wrist, causing severe pain.

24. On or about April 21, 2015, while Plaintiff was in her cell waiting for her evening meal, Defendant Barba came by her cell and said, "You do not need food, faggot." Plaintiff replied, "Yes I do. I want to speak to the Sergeant" and placed her hand in the cuff port in the door. Defendant Barba told Plaintiff that if she withdrew her arm from the port, he would get the



**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Tel (503) 241-3617 | Fax (503) 241-2249

Sergeant. When Plaintiff did not comply, Defendant Barba pulled Plaintiff's arm out of the cuff port and beat her arm with his fist until it was badly bruised.

25. On or about April 21, 2015, Plaintiff was taken out of the cell, placed in a spit mask, and was led down the hall. The COs that was holding her left shoulder called to her stating "Loos!" Plaintiff turned to see who was calling her name. At that moment, she was slammed to the ground and an officer grabbed her left arm. The officer pulled her arm back and there was an audible sound of her arm breaking. Plaintiff was in immense pain. Plaintiff was told by a CO to get up. Plaintiff said that she was not able to walk. The COs ordered her to walk. Plaintiff again said that she was not able to walk. The COs twisted her wrist to cause pain to induce compliance with the order to walk. The COs continued to manipulate her broken arm to cause pain to induce compliance with their orders.

26. Plaintiff requested and was denied medical care to treat for this incident. Plaintiff grieved the denial. Plaintiff was eventually taken to Defendant Gulick who told her that her left arm was not broken. Eventually, Plaintiff was taken to a hospital and received treatment. At the hospital, Plaintiff's arm was x-rayed. Plaintiff was diagnosed with a broken elbow. Plaintiff later underwent surgery to repair her broken elbow.

27. Following this injury to left arm, Defendants denied Plaintiff necessary medical treatment, including the following:

a. Refusing to provide Plaintiff with pain medication following surgery;

b. Denying ice to reduce inflammation; and

c. Refusing bedding and padding.

28. On July 2, 2015, Defendant Daniels repeatedly referred to Plaintiff as a "faggot." On July 2, 2015, Plaintiff asked CO Salvador for socks. As CO Salvador was starting to retrieve



**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Tel (503) 241-3617 | Fax (503) 241-2249

socks for Plaintiff, Defendant Daniels said, "No, that faggot ain't got shit comin' [sic]." Don't give it to him." Defendant Daniels then stated to Plaintiff, "You faggot, ain't [sic] getting shit!"

29. On or about July 9, 2015, Defendant Daniels kicked Plaintiff's door and yelled, "Stupid faggot, now you're level one!" meaning that she had been dropped to "level one" in terms of privileges.

30. Defendants' demeaning, cruel, violent treatment of Plaintiff because of her transgender status is ongoing.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**

**(42 U.S.C. §1983)**

31. Plaintiff re-alleges all relevant paragraphs as though fully restated herein.

32. As a result of Defendants' conduct as alleged above, Defendants violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

33. As a result of the Defendants' violation of Plaintiff's Constitutional rights, Plaintiff suffered contusions, a broken elbow, a broken wrist, as well as severe physical and mental pain and suffering.

34. Plaintiff is entitled to non-economic damages against Defendants in an amount to be determined at trial for the violations of 42 U.S.C §1983.

35. Plaintiff is entitled to her attorneys' fees and costs pursuant to 42 U.S.C. §1988.

**PRAYER FOR RELIEF**

Plaintiff prays for the following judgment against Defendants:

1. A sum which will fully compensate Plaintiff for Plaintiff's non-economic damages in a sum that is just as determined by a jury;



**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Tel (503) 241-3617 | Fax (503) 241-2249

2. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988;

3. Equitable relief; and

4. For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

Dated: December 30, 2015

LAW OFFICES OF DANIEL SNYDER

/s/ John Burgess
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 061058
carlpost@lawofficeofdanielsnyder.com
John Burgess, OSB No. 106498
johnburgess@lawofficeofdanielsnyder.com
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
Of Attorneys for Plaintiff