ELLEN F. ROSENBLUM
Attorney General
TODD ALBERT  #132224
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  todd.m.albert@doj.state.or.us

Attorneys for Defendants Adams, Arnold, Barba, Carbajal, Daniels, Dinucci, Gulick, Lawson, Nooth, Payne, Snyder and State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DANIEL CRAIG LOOS,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF OREGON; OREGON DEPARTMENT OF CORRECTIONS; SNAKE RIVER CORRECTIONAL INSTITUTION; C/O CARBATTALL; C/O ARNOLD; C/O DINUCCI; C/O LAWSON; C/O PAYNE; C/O B. SNYDER; C/O ADAMS; and DR. GARTH GULICK,<br><br>    Defendants. | Case No.   2:15-cv-00065-BR<br><br>NOTICE OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE |

Pursuant to ORS 17.095(3), Defendants notify this Court that this action has been settled pursuant to the terms of the Settlement Agreement and Release of Claims ("Agreement"), a copy of which is attached as Exhibit 1.

Page 1 -   NOTICE OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE
           TA/ssp/8270487-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the parties stipulate to a dismissal of this action with prejudice.

DATED May  19 , 2017.

                                                    Respectfully submitted,

                                                  ELLEN F. ROSENBLUM
                                                  Attorney General

                                                     *s/ Todd Albert*
                                                  TODD ALBERT #132224
                                                  Senior Assistant Attorney General
                                                  Trial Attorney
                                                  Tel (503) 947-4700
                                                  Fax (503) 947-4791
                                                  todd.m.albert@doj.state.or.us
                                                  Of Attorneys for Defendants

DATED May  19 , 2017.

                                                    *s/ John D. Burgess*
                                                  JOHN D. BURGESS, OSB #106498
                                                  Attorney for Plaintiff

Page 2 -   NOTICE OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE
        TA/ssp/8270487-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This action is currently pending in U.S. District Court Case Number 2:15-cv-00065-BR ("Action").  The parties to this Action are Daniel Craig Loos ("Plaintiff"), represented by John David Burgess, and the State of Oregon, Oregon Department of Corrections, Christopher Adams, Aaron Arnold, Matthew Barba, Emilio Carbajal, Randall Daniels, Michael Dinucci, Garth Gulick, Bradley Lawson, Mark Nooth, Michael Payne and Bob Snyder, represented by Todd Albert, Senior Assistant Attorney General (Plaintiff and Defendants collectively as "Parties").  The Parties have agreed to settle this Action for the consideration set forth in this Settlement Agreement and Release of Claims ("Agreement").  The effective date of this Agreement is the date on which it is fully executed.

The terms of this Agreement are as follows:

**Consideration to Plaintiff:**  As consideration for Plaintiff's Release of Claims, the State of Oregon agrees to the following:

1.   Settlement Payment:  The State of Oregon, on behalf of the Released Parties described below, the State of Oregon, by and through the Oregon Department of Administrative Services/Risk Management ("Risk Management"), shall pay Plaintiff the sum of Fifteen Thousand Dollars [$15,000] ("settlement payment").  The payment shall be in the form of a check made payable to the Law Office of Daniel Snyder Trust Account.  The payment shall be made within twenty-one (21) days of the effective date of this agreement.

2.   Forgiveness of Debt:  The Oregon Department of Corrections will forgive $1,626.02 in debt from Plaintiff's inmate trust account, which includes fines of $1,586.02 and dental costs of $40. (Specifically excluded from this Agreement is $334.70 in Federal Court filing fees.)

3.   Confirmation of treatment for Gender Dysphoria. Plaintiff will continue to receive care by the Oregon Department of Corrections during the duration of Plaintiff's confinement as

Page 1 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

medically indicated for the diagnosed disorder of Gender Dysphoria. For the purposes of this Agreement, medically indicated care is the type of care determined by the Oregon Department of Corrections ("ODOC"), Health Services' Gender Non-Conforming Therapeutic Level of Care Committee ("GNC TLC"). The GNC TLC will consider all available information when rendering its decision to provide care as medically indicated, including self-reports from Plaintiff, reports from ODOC's Behavioral Health Services ("BHS") providers, and recommendations by outside consultants, when solicited by the GNC TLC, such as Dr. Megan Bird.

**Plaintiff's Release of Claims:** In return for the above-referenced consideration, Plaintiff, individually and on behalf of any heirs, executors, administrators, successors, agents, and assigns agrees to release, acquit, and forever discharge Defendants and all those in interest with it/them, including the State of Oregon and all of its political subdivisions, agencies, departments, administrators, officers, current and former employees, agents, attorneys, and insurers (collectively "Released Parties"), from any and all claims, demands, or causes of action, whether known or unknown, under any legal, equitable, or other theory, exist or may exist against the Released Parties through the Effective Date of this Agreement.

The release, acquittal, and discharge described above ("Release") includes any claims against the Released Parties—including the Oregon Department of Justice and Risk Management—arising from the negotiation or execution of this Agreement. This Release also includes any damages (including past and future medical and mental health expenses, lost wages, impairment of earnings, emotional distress, pain and suffering, punitive damages, and any other compensatory, economic, noneconomic, nominal, or other forms of damage) and equitable relief (including injunctions or declaratory judgments), whether known or unknown, or which may develop after the effective date of this Agreement, and including any and all expenses (attorney fees, costs, and disbursements).

**Newly-Discovered Evidence:**  The Parties agree that if, after the Effective Date of this Agreement, they discover evidence different from or in addition to the evidence which they now know of or possess, this Agreement remains in full force and effect.

**Each Party is Responsible for Own Attorney Fees and Costs:**  The Parties acknowledge and agree that they are solely responsible for paying any attorney fees and costs they incurred and that neither the Parties nor their attorneys will seek any award of attorney fees or costs from the other Party.

**Plaintiff is Responsible for all Subrogation and Liens:**  Plaintiff acknowledges that all subrogation and lien claims arising out of contract or under state or federal law-including, but not limited to, subrogation or lien claims of or related to health care providers, insurance carriers (including personal injury protection or "PIP"), workers' compensation carriers, attorneys, and any federal or state agency or programs such as Medicare, Medicaid, or Social Security-are the sole and separate obligation of Plaintiff which Plaintiff agrees to pay or otherwise resolve. Plaintiff will defend, indemnify and hold harmless the Released Parties from and against all such lien and subrogation claims brought against the Released Parties.

**Medicare Disclaimer and Waiver:**  By signing below, Plaintiff declares under penalty of perjury that: (1) Plaintiff is not currently entitled to Medicare; and (2) none of the treatment received for the injury or injuries claimed in this Action (or related to the incident giving rise to this Action) or released in this Agreement were submitted to or paid for by Medicare.  Plaintiff waives, releases, and forever discharges Released Parties from any obligations for any claim or future claim, known or unknown, arising out of the failure of Released Parties to provide for a primary payment or appropriate reimbursement to Medicare pursuant to 42 U.S.C. § 1395y(b)(3)(A), and Plaintiff shall defend, indemnify and hold harmless the Released Parties for any claims arising out of arising out of 42 U.S.C. § 1395y(b).  Plaintiff further understands this settlement may impact, limit or preclude Plaintiff's right or ability to receive future Medicare benefits arising out of the injuries alleged in this lawsuit.

**No Tax Representations:**  No party warrants or represents how the United States Internal Revenue Service ("IRS"), the Oregon Department of Revenue, or other governmental authority will treat the settlement payment for tax purposes, and agree that no further payment of money from Released Parties will be due in the event that the payments or the release of the claims embodied in this Agreement or any portion thereof is found by the IRS, the Oregon Department of Revenue, or other governmental authority to be, or result in, taxable income to any party. **The Released Parties, as part of their reporting requirements, may have to communicate with the IRS, including submitting IRS form 1099.  The Released Parties reserve the right to respond to inquiries by said authorities and to make any additional disclosures requested by the governmental authority or as required by law.  Plaintiff is solely responsible for the tax consequences of settlement payment, and Plaintiff agrees not to hold the Released Parties responsible for taxes due.**

**Entire Agreement:**  This Agreement contains and constitutes the entire agreement and understanding of the Parties, notwithstanding any and all prior negotiations, discussions, undertakings or agreements made in arriving at this Agreement.  There are no representations, agreements, or inducements between the Parties except as set forth expressly and specifically in this Agreement.

**No Admission of Fault or Future Precedent:**  The Parties agree that this Agreement is not to be construed as an admission or proof of any liability or fault whatsoever on the part of the Released Parties.  This Agreement does not establish a precedent in the settlement of any current or future grievance, claim of unfair labor practice, or other dispute among the Parties, and shall not be admissible as evidence in any future arbitration, administrative or court proceeding except in a proceeding brought to enforce the terms of this Agreement. In the event Plaintiff pursues a claim waived or released pursuant to this Agreement, the Released Parties may plead this Agreement as an absolute defense.

**No Waiver:**  The failure by any of the Parties to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement or a course of dealing between the Parties, shall not be a waiver of such terms or conditions or of such Party's right to enforce each and every term and condition of this Agreement.

**Invalidity:**  This Agreement does not waive any right that may not legally be waived.  If any provision contained in this Agreement shall for any reason be held to be invalid, illegal, void, or unenforceable in any respect, such provision shall be deemed modified so as to constitute a provision conforming as nearly as possible to such invalid, illegal, void, or unenforceable provision while still remaining valid and enforceable, and the remaining terms or provisions of this Agreement shall not be affected.

**Binding Agreement and Ownership of Claims:**  This Agreement shall be binding upon the Parties, and their heirs, representatives, executors, administrators, successors in interest, insurers and assigns.  The Parties acknowledge that they have not transferred or assigned, or purported to transfer or assign, to any person or entity, any claim, or any portion of interest of any claim that was or could have been raised in this Action.

**Acknowledgment of the Terms of the Agreement:**  By the signatures below, the Parties acknowledge that they have read and know the contents of this Agreement, that they fully understands the Agreement's terms, and that they enter the Agreement voluntarily for the purpose of making a full compromise and settlement.  Each of the Parties further represents it has consulted or has had the opportunity to consult with legal counsel of its choice concerning the legal effect of this Agreement before signing it, and that each party executes this Agreement after voluntarily.  Further, the persons executing and delivering the Agreement represent and warrant that they are fully authorized to do so, and that the execution of delivery of the Agreement is lawful and voluntary.

Page 5 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

8218576-v1/TA/ssp

**Waiver of Rule of Construction Against Drafter:** This Agreement was jointly drafted and approved by all Parties to this Agreement. Any rule that would otherwise require any ambiguities in this Agreement to be interpreted against the drafter(s) is hereby expressly waived.

**Counterparts:** This Agreement may be executed in counterparts, including counterparts received by facsimile or electronic transmission, with each counterpart constituting an original. The executing Parties agree that a photocopy or other signed copy of this Agreement is as effective as the original.

**IT IS SO AGREED TO BY THE PARTIES:**

_____       DATED this 18 day of May, 2017.
**DANIEL CRAIG LOOS**
Plaintiff

Subscribed and sworn to before me this 18th day of May, 2017, in the State of Oregon, County of Umatilla

OFFICIAL STAMP
LINDA DARLENE SIMON
NOTARY PUBLIC-OREGON
COMMISSION NO. 920231A
MY COMMISSION EXPIRES SEPTEMBER 12, 2017

Notary Public for Oregon
My commission expires: 9/12/2017

_____       DATED this _____ day of May, 2017.
**MICHAEL F. GOWER**
Oregon Department of Corrections

**APPROVED AS TO FORM:**

_____       DATED this 18 day of May, 2017.
**JOHN D. BURGESS, OSB #106498**
Attorney for Plaintiff

s/ Todd Albert
_____       DATED this 19th day of May, 2017.
**TODD ALBERT, OSB #132224**
Senior Assistant Attorney General
Attorney for Defendant State of Oregon

Page 6 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

8218576-v1/TA/ssp

**Waiver of Rule of Construction Against Drafter:** This Agreement was jointly drafted and approved by all Parties to this Agreement. Any rule that would otherwise require any ambiguities in this Agreement to be interpreted against the drafter(s) is hereby expressly waived.

**Counterparts:** This Agreement may be executed in counterparts, including counterparts received by facsimile or electronic transmission, with each counterpart constituting an original. The executing Parties agree that a photocopy or other signed copy of this Agreement is as effective as the original.

**IT IS SO AGREED TO BY THE PARTIES:**

_____     DATED this _____ day of May, 2017.
**DANIEL CRAIG LOOS**
Plaintiff

Subscribed and sworn to before me this _____ day of May, 2017, in the State of Oregon, County of _____.

_____
Notary Public for Oregon
My commission expires:_____

*/s/ Michael F. Gower*     DATED this 9th day of May, 2017.
**MICHAEL F. GOWER**
Oregon Department of Corrections

**APPROVED AS TO FORM:**

_____     DATED this _____ day of May, 2017.
**JOHN D. BURGESS**, OSB #106498
Attorney for Plaintiff

_____     DATED this _____ day of May, 2017.
**TODD ALBERT**, OSB #132224
Senior Assistant Attorney General
Attorney for Defendant State of Oregon

Page 6 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS